THE DEVISEES OF VAN RENSSELAER *against* THE
EXECUTORS OF PLATNER:

Where an estate in fee is granted, reserving annual rent; the *devisees* of the
grantor cannot maintain covenant against the executors of the grantee or
tenant in fee, for rent in arrear.

THE facts in the present case were similar to those in the
preceding, except that the devisees claimed only from the
1st of May, 1783, or subsequent to the death of the devisor:

The motion in arrest of judgment was argued by *Spencer*;
for the defendants, and *Emott*, for the plaintiffs.

LANSING, Ch. J. delivered the opinion of the court:

This is an action of covenant for rent:

The defendants have moved in arrest of judgment,

1. Because the plaintiffs cannot legally sustain this ac-
tion as devisees; and

2dly. Because the defendants are not liable, the estate on
which the rent is charged having passed to the heir.

Neither the statute of 31 Hen. VIII. c. 1, or 32 Hen. VIII.
c. 37, re-enacted among the revised laws of this state, apply
to this case. (L. N. Y. 11 sess. c. 7 ; 11 sess. c. 36, s. 13.)
The former applying only, as to the persons against whom a
remedy is provided to the executors, administrators, and as-
signs, of lessees *for lives* or *for years ;* the latter, to rents
accrued in the time of the *testator*, or *intestate*. It must,
therefore, depend upon the express covenant of the parties,
whether this action is sustainable.

*The covenant imports, that Jacob Platner, the defen-    [*25]
dants' testator, for himself, his *heirs, executors, admin-
istrators and assigns*, covenanted, &c. to and with John Van

Rensselaer, the plaintiff's testator, his *heirs, executors, administrators and assigns*, to pay the rent.

As long as both parties were in full life, this covenant bound the defendants' testator to pay. If he died, from the terms of the contract, the grantor might charge the heir or executor, at his election, on the personal contract of their ancestor or testator; but when both the contracting parties were dead, their representatives must either claim or be liable on *the privity of contract*, or *on the privity of estate* subsisting between them.

In the case of *Brett* v. *Cumberland*, (Cro. Jac. 521,) the distinction between the operation of covenants in deed and in law is clearly taken. It was an action of covenant, by an assignee of a reversion against the executor of a lessee for life, on a covenant for repairs. The court had resolved that the clause in the lease on which this question arose, was a covenant in *deed*, in contradistinction to a covenant *in law.* And the action was held to be maintainable on the statute 32 Hen. VIII. c. 34, "for that by the express words of the statute it runs along with the land, and notwithstanding the assignment, the covenantor and his executor are always chargeable; for the executors are not chargeable, by reason of the privity of contract, but by reason of the covenant itself; and by the express words of that statute such remedy as the lessor might have against the lessee or his executors, the assignee shall have against them, it being a covenant in deed which runs with the land; but it is otherwise of a covenant in law, which is only created by the law; or of rent which is *created by reason of the contract,* and is by reason of the profits of the land, wherein none is longer chargeable with them than the *privity of the estate continues with them.*"

[*26]      *From the words of our statute, as well as *the preamble* of the English statute, which have been re-enacted with some alterations, adapting it to the circumstances of this state, but which alterations do not change the objects to which it is applied, it appears that the remedy was only intended to be applied to estates, in legal contemplation, capable of being transmitted through the personal representa-

Devisees of Van Rensselaer v. Executors of Platner.

tives.(a)   This rent is a fee-farm rent, (Harg. Co. Litt. 145, b. n. 5,) or *rent-charge;* it is perpetual.   The rent is real estate, and so, certainly, is the estate out of which it issues ; the rent and the land granted are equally transmissible to the heirs of the person seised.

If the statute does not apply, then this is a case at common law, and stronger than that to which the statute intended to apply a remedy.   In those instances certain reversions were vested in the heir of the grantor : here the reversion is only contingent.   If the covenant descends with the land, it must equally descend with the rent issuing out of the land ; and if so, the personal representatives cannot, after the death of the parties, and for rents accruing after the death of both, either maintain or be subject to an action.

On the privity of contract, the defendants cannot be liable to the plaintiffs, because they are not legally competent to represent the mere personal rights of their testator, arising from the contract.

They cannot otherwise represent him, than as the rights

(a) The statute 32 Henry VIII. ch. 34, (substantially re-enacted in New York ; 1 Rev. Laws, 363, 364 ; 2 Rev. Stat. 2d ed. 739,) was passed to obviate the difficulty which had been experienced from the common law rule that the grantee of a reversion, being a stranger to the covenants and conditions contained in a lease made by the grantor, could not avail himself of them.   1 Smith's Leading Cas. 28, note to *Spencer's case.   Thursby* v. *Plant*, 1 Saund. 238, 240, and Sergt. Williams' note.   *Barker* v. *Danier*, 3 Mod. 338. *Thrale* v. *Cornwall*, 1 Wils. 165.   *Isherwood* v. *Oldknow*, 3 M. & Selw. 382. This defect seems to have been most severely felt upon the dissolution of the monasteries, when the king and his grantees were the parties to take advantage of covenants in outstanding leases, Comyn Land. and Ten. 263 ; and the statute was in consequence passed.   The effect of the statute is, it is said, to transfer to the grantee the *privity of contract;* or, more correctly, the rights which the lessor had against the lessee, by reason of the conditions and covenants running with the land, so that now the grantee of the reversion may take advantage of all such covenants, whether in law or in deed, although only the lessor and his heirs be named in the lease.   Id.   *Anon.*, Moore, 159.   *Kitchen* v. *Buckley*, 1 Lev. 109.   *Thursby* v. *Plant, ut supra, Earl of Portmore* v. *Bunn*, 1 Barn. & Cress. 694.   It sufficiently appears, as stated by Lansing, Ch. J. in the principal case, by the preamble to this statute, that it only affects estates for life and years, and this point was decided in *Matures* v. *Westwood*, Cro. Eliz. 617.   See also Co. Lit. 215, *a.*

of the testator devolve upon them; but those being merely taken as devisees, they are strictly confined to the real estate.

If they claim against the defendants' deducing their title by the devisee, they must claim on the principle that the common ligament, *the estate charged*, unites them in interest, as privies, with the defendants; but it is not pretended that the executors hold the estate or have any interest in it, and on this ground the action is not attempted to be [*27] *sustained.(a)  We are, therefore, of opinion, that the plaintiffs' claim is radically and incurably defective, and that the judgment ought to be arrested.

Judgment arrested.